UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACK KEVIN MARTINEZ ROJAS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

Case No. 1:26-cv-07408-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE[1]

(Docs. 1)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Jack Kevin Martinez Rojas, an immigration detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the California City Detention Facility in California City, California, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed on September 14, 2026. (Doc. 1, "Petition").

Petitioner alleges that his arrest and continued detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"). (Doc. 1 at 4-9). Petitioner seeks, *inter alia*, immediate release from custody. (*Id.* at 10).

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a), or in the alternative, subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

based on his February 23, 2026 arrest for unlawful sexual activity with a minor. (Doc. 8). Petitioner did not file a reply, and the deadline to do so has expired. (*See* docket).

For the reasons below, the undersigned recommends denying the Petition without prejudice.[2]

## I. BACKGROUND

Petitioner is a native and citizen of Peru. (Doc. 8-1 at 1). He entered the United States at or near San Luis, Arizona, on or about September 20, 2022. (*Id.* at 2, 6). He was released under the Alternative to Detention Program. (*Id.* at 24-25). U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(7)(A)(i)(I) (alien without valid entry documents) and INA § 212(a)(6)(A)(i) (alien entry without inspection) and directed him to appear before an immigration judge ("IJ"). (*Id.* at 6-9).

On February 24, 2026, Petitioner was encountered at the Broward County Jail following his arrest the previous day for allegedly engaging in unlawful sexual activities with a minor. (*Id.* at 2, 12-21). A warrant for his arrest was issued on February 24, 2026, and he was taken into ICE custody pending removal proceedings. (*Id.* at 2, 10).

Petitioner filed the Petition on September 14, 2026. (Doc. 1).

On September 22, 2026, the IJ denied Petitioner's application for asylum, withholding of removal under INA § 241(b)(3), and protection under the Convention Against Torture ("CAT"), and ordered him removed to Peru. (Doc. 8-2 at 6-10). Petitioner reserved the right to appeal to the Board of Immigration Appeals ("BIA"). (*Id.* at 10).

On September 30, 2026, Petitioner, through counsel, waived his right to appeal. (*Id.* at 4). He has remained in ICE custody since February 24, 2026.

## II. APPLICABLE LAW AND ANALYSIS

### A. Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the

---

[2] Because the Court concludes that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a), it need not address Respondents' alternative argument that detention is mandatory under 8 U.S.C. § 1226(c)(1)(E).

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

B. Detention under 8 U.S.C. § 1231

Section 1231 governs the detention, release, and removal of noncitizens subject to final removal orders. It establishes a 90-day "removal period" during which a noncitizen shall be detained while the Attorney General attempts to remove them. 8 U.S.C. § 1231(a)(1)-(2).

The 90-day "removal period" begins on the latest of the following dates: (1) the date the removal order becomes administratively final; (2) the date of the court's final order, if the removal order is judicially reviewed and the court stays removal; or (3) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

Under applicable regulations, an IJ's removal order becomes final upon the filing of a waiver of appeal or, if no appeal is taken, upon expiration of time to appeal. 8 C.F.R. § 1003.39; 8 C.F.R. § 1241.1(b); *Vardanian v. Albarran*, 2026 WL 575562, at *2 (E.D. Cal. Mar. 2, 2026) (citation omitted) ("Because Petitioner and DHS waived their appellate rights, Petitioner's removal order became final the same day.").

Here, Petitioner's removal order became administratively final on September 30, 2026, when he waived his right to appeal. (Doc. 8 at 2; Doc. 8-2 at 4). His detention is therefore governed by § 1231(a), and he remains within the 90-day period during which detention is mandatory. Accordingly, the undersigned recommends that the Petition be denied without prejudice to Petitioner's ability to bring a new challenge to prolonged detention at a later date, if warranted. [3]

---

[3] Even absent Petitioner's waiver, the time to appeal the removal order expired on October 22, 2026. *See* 8 C.F.R. § 1003.38(b) (an appeal shall be filed within 30 days of immigration judge's decision). The record contains no indication that Petitioner filed a timely appeal or that a stay of removal was issued. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534-35 (2021); *see also* Executive Office for Immigration Review ("EOIR") website, https://acis.eoir.justice.gov/en/caseInformation (last visited October 28, 2026); *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010) (recognizing that courts may take

Accordingly, IT IS RECOMMENDED:

The petition for writ of habeas corpus (Doc. 1) be DENIED WIHOUT PREJUDICE.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: October 28, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

judicial notice of information on official government websites).